ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EDWIN ALONSO RODRÍGUEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>MAYAGÜEZ RESORT & CASINO, INC.<br><br>Peticionario | KLCE202400640 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm. MZ2023CV01741 cons. MZ2023CV01772<br><br>Sobre: Cobro De Dinero; Incumplimiento De Contrato |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de julio de 2024.

Comparece ante *nos*, el Mayagüez Resort & Casino, Inc. (peticionario o MRC) y nos solicita que revisemos dos (2) *Resoluciones* emitidas y notificadas el 1 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante dichos dictámenes, el TPI declaró *No Ha Lugar* la *Moción Solicitando Desestimación* que presentó la parte peticionaria el 13 de noviembre de 2023 y la *Moción Solicitando Desestimación por Dejar de Exponer una Reclamación que Justifique la Concesión de Remedio* que presentó la parte peticionaria el 26 de diciembre de 2023.

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari.*

**I.**

El 4 de octubre de 2023, Edwin Alonso Rodríguez (recurrido) presentó una *Demanda* sobre incumplimiento de contrato y cobro

Número Identificador
RES2024_____

de dinero en contra de la parte peticionaria. A grandes rasgos, solicitó el cobro de los cánones de arrendamiento adeudados.

Subsiguientemente, el 13 de noviembre de 2023, la parte peticionaria presentó una *Moción Solicitando Desestimación.* En esta, arguyó que en la *Demanda* se omitieron partes indispensables, por lo que el Tribunal no tiene jurisdicción para adjudicar la controversia de epígrafe. Asimismo, realizó alegaciones de carácter sucesoral y cuestionó si la parte recurrida, como albacea de la Sucesión de Santos Alonso Maldonado, tiene legitimación activa para exigir el cobro de los cánones de arrendamiento.

El 30 de noviembre de 2023, la parte recurrida presentó una *Oposición a: Moción Solicitando Desestimación.* Esgrimió que las alegaciones de carácter sucesoral debían ser descartadas en su totalidad, pues la parte peticionaria es una entidad jurídica con personalidad propia y separada a la de la Sucesión de Santos Alonso Maldonado, por lo que la peticionaria no tiene legitimación para entrar en esos asuntos.

Entretanto, el 26 de diciembre de 2023, la parte peticionaria presentó una *Réplica a Oposición a Moción de Desestimación.* Ese mismo día, la parte peticionaria presentó una *Moción Solicitando Desestimación por Dejar de Exponer una Reclamación que Justifique la Concesión de Remedio.* En la misma, alegó que procede la desestimación de la *Demanda,* pues de la misma no se desprenden las fechas en que presuntamente incumplió con el pago del arrendamiento, ni tampoco desde cuando los cánones de arrendamiento continúan acumulándose.

Luego de varios trámites procesales, el 19 de enero de 2024, la parte recurrida presentó una *Demanda Enmendada.* El 1 de febrero de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción Solicitando Desestimación.* Además, ese mismo día emitió una segunda *Resolución* mediante la cual

declaró *No Ha Lugar* la *Moción Solicitando Desestimación por Dejar de Exponer una Reclamación que Justifique la Concesión de Remedio.*

Así pues, el 16 de febrero de 2024, la parte peticionaria presentó una *Moción de Reconsideración y Solicitando Se Consignen Determinaciones de Hecho y Conclusiones de Derecho Iniciales.* Oportunamente, el 21 de marzo de 2024, la parte recurrida presentó una *Oposición a: Moción de Reconsideración y Solicitando se Consignen Determinaciones de Hecho y Conclusiones de Derecho Iniciales.* El 9 de mayo de 2024, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria.

Insatisfechos con esa determinación, el 7 de junio de 2024, la parte peticionaria presentó una *Petición de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

PRIMER ERROR

*Erró el Honorable Tribunal de Primera Instancia al no desestimar la Demanda de epígrafe al no considerar la confusión de derechos que existe entre la acreencia que pretende cobrar el demandante-recurrido, como albacea, y el potencial crédito que, conforme a sus alegaciones, debería al tener un interés indiviso en las acciones de MRC, sobre las cuales es también albacea del 50% por el interés de Don Santos.*

SEGUNDO ERROR

*Erró el Honorable Tribunal de Primera Instancia al no desestimar la Demanda por no considerar el planteamiento jurisdiccional de falta de partes indispensables.*

TERCER ERROR

*Erró el Honorable Tribunal de Primera Instancia al no atender la solicitud de conocimiento judicial, la cual, de haberse atendido, hubiese tomado conocimiento y debió haber desestimado la Demanda de epígrafe.*

Examinada la *Petición de Certiorari*, este Tribunal emitió una *Resolución* el 25 de junio de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 28 de junio de 2024, la parte peticionaria presentó

una *Moción Aclaratoria*. Consecuentemente, el 2 de julio de 2024, emitimos una segunda *Resolución* mediante la cual se le concedió un nuevo término de veinte (20) días a la parte recurrida para que expresara su posición al recurso.

Así, el 18 de julio de 2024, la parte recurrida presentó un *Memorando en Oposición a la Expedición de Certiorari*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, *supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, *supra*. Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los

tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Examinado el recurso de *certiorari* de epígrafe a la luz de las *Resoluciones* recurridas, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos*.

En el caso ante *nos*, la parte peticionaria señaló que erró el TPI al no desestimar la *Demanda* de epígrafe al no considerar la confusión de derechos que existe entre la acreencia que pretende cobrar el recurrido, como albacea, y el potencial crédito que, conforme a sus alegaciones, debería al tener un interés indiviso en las acciones de MRC, sobre las cuales es también albacea del 50% por el interés de Santos Alonso Maldonado. A su vez, indicó que incidió el TPI al no desestimar la *Demanda* por no considerar el planteamiento jurisdiccional de falta de partes indispensables. Asimismo, planteó el peticionario que erró el TPI al no atender la solicitud de conocimiento judicial, la cual, de haberse atendido, hubiese tomado conocimiento y debió haberse desestimado la *Demanda* de epígrafe.

Examinado el expediente ante nuestra consideración, concluimos que no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012). Es decir, las determinaciones recurridas no contienen indicio alguno de craso abuso de discreción, prejuicio, parcialidad o error al aplicar las normas procesales o sustantivas pertinentes, que justifiquen nuestra intervención en sustitución del criterio utilizado por el TPI en el ejercicio de su discreción.

No debemos pasar desapercibido que, el foro *a quo* actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su

consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

Por lo tanto, a la luz del marco jurídico enunciado y a tenor con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, así como lo establecido en la Regla 52.1 de Procedimiento Civil, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* solicitado. Devolvemos el asunto al foro de origen para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones